IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>        *Plaintiffs,*<br><br>  v.<br><br>CONNIE KIDDER, an individual,<br><br>        *Defendant*. | Case No. 19 CV 3240<br><br>Judge<br><br>Magistrate Judge |

## **COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### **Jurisdiction and Venue**

1. This is an action to recover an overpayment of pension benefits in the amount of $35,953.52 to Defendant Connie Kidder. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also bring a federal common law claim for unjust enrichment and a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

## Parties

4. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Rosemont, Cook County, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Mr. Bunte is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7. Lonnie Kidder ("Lonnie") is a deceased individual who passed away on March 1, 2013. Prior to his death, he was a participant of the Fund within the meaning of 29 U.S.C. § 1002(7).

8. Defendant Connie Kidder ("Connie") is an individual who resides in the State of Ohio. At all times relevant to this Complaint, Connie was Lonnie's wife.

## Relevant Plan Provisions

9. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

10. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

11. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

12. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

13. Article VII, Section 7.05 of the Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, pp. 80-81.

## Factual Background

14. For all relevant periods of time, the Fund directly deposited monthly pension benefits in the amount of $2,635.14 on behalf of Lonnie into an account designated by him at First National Community Bank Bank (the "First National Account").

15. Upon information and belief, for all relevant periods of time, the First National Account was jointly held by Connie and Lonnie.

16. Lonnie died on March 1, 2013.

17. Upon his death, Lonnie's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated.

18. For the period after Lonnie's death through March 2015, the Fund had not received notice of Lonnie's death and had no knowledge that he had died.

19. For the period of April 2013 through March 2015, the Fund continued to directly deposit the monthly pension benefits into the First National Account.

20. As a result, for the period of April 2013 through March 2015, the Fund overpaid the monthly pension benefits in the total amount of $63,243.36. The Fund received $26,500.00 in reimbursement from Connie, along with $789.84 from the First National Account pursuant to a demand, reducing the overpaid pension benefit amount to $35,953.52.

21. After Lonnie's death on March 1, 2013, neither he nor any other beneficiary was entitled to receive any further pension benefits.

22. For all relevant periods, Connie knew that Lonnie was deceased as of March 1, 2013.

23. For all relevant periods, Connie knew that the Fund continued to electronically deposit Lonnie's monthly pension benefit into the First National Account.

24. For all relevant periods, Connie fraudulently concealed the material fact of Lonnie's death from the Fund.

25. As a result of her failure to notify the Fund of Lonnie's death, Connie received an overpayment in the total amount of $35,953.52 that was electronically deposited into the First National Account by the Fund.

## COUNT I

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)

26. The allegations made in paragraphs 1 through 25 are realleged and restated herein by reference.

27. Connie is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Connie is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

28. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $35,953.52), Connie has refused to reimburse the Fund said assets. As a result, Connie has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Connie:

(a) A judgment against Connie in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $35,953.52, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(c) All other just and appropriate relief.

## COUNT II

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3)

29. The allegations made in paragraphs 1 through 28 are realleged and restated herein by reference.

30. Connie is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Connie is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, and to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

31. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $35,953.52), Connie has refused to reimburse the Fund said assets. As a result, Connie has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Connie:

(a) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Connie to Plaintiffs in the amount of $35,953.52, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

(c) That Connie be further enjoined from disposing of any monies held as a fiduciary for the Plaintiffs and from comingling said monies with any of Connie's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Connie reimburses Plaintiffs the amount of $35,953.52 (plus interest); and

(e) All other just and appropriate relief.

## COUNT III

### Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3)

32. The allegations made in paragraphs 1 through 31 are realleged and restated herein by reference.

33. Connie is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

34. Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Connie, with the constructive trust to continue until full reimbursement is made to the Fund.

35. Connie is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Connie:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $35,953.52 plus interest upon the overpayments held by Connie, which Connie is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Connie to Plaintiffs in the amount of $35,953.52, plus interest at the rate set by the Fund's Trust Agreement;

(c) That Connie be further enjoined from disposing of any monies thus held in constructive trust for the Plaintiffs and from comingling said monies held therein with any of Connie's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Connie reimburses Plaintiffs the amount of $35,953.52 (plus interest);

(e) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f) All other just and appropriate relief.

## COUNT IV

### Unjust Enrichment Under the Federal Common Law of ERISA

36. The allegations made in paragraphs 1 through 35 are realleged and restated herein by reference.

37. To the detriment of the Fund, Connie has been and continues to be unjustly enriched as a result of the unlawful and/or wrongful retention of the $35,953.52 in pension benefit overpayments from the Fund.

38. As a result of Connie's retention of the overpayments, the Fund has lost a significant amount of assets (and interest thereon) belonging to the Fund.

39. Connie's retention of the overpayments violates the fundamental principles of justice, equity and good conscience, and Connie ought to return the $35,953.52 in overpayments, plus interest, to the Fund.

40. The Fund has a reasonable expectation that Connie should repay the overpayments she received, and Connie reasonably should have expected to repay the overpayments to the Fund, because Connie was clearly not entitled to them.

41. Accordingly, the Fund seeks full disgorgement and restitution of Connie's enrichment and the benefits she acquired as a result of Connie's unlawful and/or wrongful retention of the $35,953.52 in pension benefit overpayments.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Connie:

(a) Equitable relief pursuant to the federal common law of ERISA in the form of restitution by Connie to the Plaintiffs in the amount of $35,953.52, plus interest at the rate set by the Fund's Trust Agreement;

(b) An award to the Plaintiffs of their attorneys' fees and costs;

(c) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Connie reimburses Plaintiffs the amount of $35,953.52 (plus interest); and

(d) All other just and appropriate relief.

## COUNT V

### Common Law Fraud

42. The allegations made in paragraphs 1 through 41 are realleged and restated herein by reference.

43. During the period of April 2013 through March 2015, Connie wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of Lonnie and initiated these acts when she wrongfully, negligently and/or fraudulently failed to notify the Fund of the death of Lonnie.

44. Connie concealed the material fact that Lonnie died on March 1, 2013.

45. The concealment of the death of Lonnie was intended to induce the false belief by the Fund that Lonnie was still alive, under circumstances in which Connie had a duty to speak.

46. The Fund could not have discovered the fact that Lonnie was deceased through a reasonable inquiry or inspection and relied upon the silence of Connie as a representation of the fact that Lonnie was still living.

47. If the Fund had been aware that Lonnie had passed away on March 1, 2013, the Fund would have immediately terminated the electronic deposit of the monthly pension benefits in the First National Account.

48. The Fund's reliance upon Connie's silence resulted in injury to the Fund and Connie received the amount of $35,953.52 in pension benefits to which she was not otherwise entitled.

49. Consequently, during the period of April 2013 through March 2015, Connie committed the tort of fraudulent concealment against the Fund.

50. The Fund suffered damages as a direct and proximate result of Connie's fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits during the period of April 2013 through March 2015; payments to which Connie was not entitled since she was not eligible for any pension benefit payments subsequent to Lonnie's death.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Connie:

(a) A judgment in favor of the Plaintiffs and against Connie in the amount of $35,953.52 (plus interest);

(b) An award of attorneys' fees and costs; and

(c) All other just and appropriate relief.

    Respectfully submitted,

    */s/ Rebecca K. McMahon*
    Rebecca K. McMahon (ARDC #06290192)
    CENTRAL STATES FUNDS
    Law Department
    9377 W. Higgins Road, 10th Floor
    Rosemont, Illinois 60018
    847-939-2477
    rmcmahon@centralstatesfunds.org

May 14, 2019    *ATTORNEY FOR PLAINTIFFS*